W.G.S. Operating Company, Inc. v. Commissioner.
W.G.S. Operating Co. v. Commissioner
Docket No. 108395.
United States Tax Court
1943 Tax Ct. Memo LEXIS 531; 1 T.C.M. (CCH) 345; T.C.M. (RIA) 43002; January 1, 1943
*531 Lawrence Zelkin, C.P.A., for the petitioner. J. Richard Riggles, Jr., Esq., for the respondent. SMITH Memorandum Findings of Fact and Opinion SMITH, Judge: The petitioner seeks a redetermination of deficiencies in personal holding company surtax for the years 1937, 1938, and 1939 in the respective amounts of $520.96, $570.57, and $539.57; also of 25 percent additions to tax for failure to file personal holding company tax returns for those years in the respective amounts of $130.24, $142.64, and $134.89. The petitioner alleges that the respondent erred in his determination that it was a personal holding company for the several years above named and also in holding that there was any delinquency penalty assessable. Findings of Fact The petitioner is a New York corporation organized in 1928 with its principal office in Brooklyn. It filed corporation income and excess profits tax returns for the years 1937, 1938, and 1939 with the collector of internal revenue for the first district of New York. The petitioner was incorporated to do a general real estate business including the buying, leasing, and selling of real estate, and also the construction of buildings and the sale of the *532 improved real estate. At all times its capital stock was owned equally by two individuals. In 1928 the petitioner acquired a parcel of unimproved real property located at Little Neck, Long Island. It constructed a theatre and stores thereon and sold the improved property in 1929. In 1930 the petitioner acquired another parcel of unimproved real estate located at Laurelton, Long Island. It constructed a theatre and stores thereon and endeavored to sell the improved property but due to the financial situation was unable immediately to effect a sale. It accordingly leased the property. The property was finally sold in 1936, the petitioner taking back a purchase money mortgage. The petitioner has since considered many proposals for the reinvestment of its funds but has been unable to find a satisfactory proposition. Its activities during the taxable years consisted of collecting installment payments, together with interest, due from the vendee of the property sold in 1936, and other minor activities incident to maintaining its corporate existence. Petitioner filed no personal holding company tax returns for the years 1937, 1938, and 1939. The respondent has determined deficiencies *533 due from the petitioner for the taxable years upon the theory that it was a personal holding company within the purview of the Revenue Acts of 1936 and 1938 and has determined delinquency penalties due by reason of the petitioner's having failed to file personal holding company tax returns. Opinion Under the income tax acts of 1936 and 1938 a personal holding company is one (not specifically exempt from tax) (A) in which at least 80 per centum of its gross income consists of personal holding company income as defined by the statute, and (B) in which more than 50 per centum in value of its outstanding stock during the last half of the taxable year is owned, directly or indirectly, by or for not more than five individuals. There is no question in the instant proceeding but that the petitioner qualifies as a personal holding company for the taxable years so far as requirement (B) is concerned. The only question is whether at least 80 per centum of its gross income for each taxable year constitutes personal holding company income. Section 353 of the Revenue Act of 1936, added by section 1 of the Revenue Act of 1937, defines personal holding company income as: (a) Dividends, interest, *534 royalties (other than mineral, oil, or gas royalties), annuities. * * *
(g) Rents. - Rents, unless constituting 50 per centum or more of the gross income. For the purposes of this subsection the term "rents" means compensation, however designated, for the use of, or right to use, property; * * * Section 403 of the Revenue Act of 1938 changes the definition of personal holding company income in subsection (g) as follows: (g) Rents. - Rents, unless constituting 50 pe centum or more of the gross income. For the purposes of this subsection the term "rents" means compensation, however designated, for the use of, or right to use, property, and the interest on debts owed to the corporation, to the extent such debts represent the price for which real property held primarily for sale to customers in the ordinary course of its trade or business was sold or exchanged by the corporation; * * * There is no question but that much more than 50 per centum of the petitioner's gross income for each of the taxable years was the interest which it received upon its mortgage. The amendment made by the Revenue Act of 1938 does not have a retroactive application. Consequently the definition of "rents" *535 contained in section 403 (g) of the Revenue Act of 1938 has no application to the definition of rents contained in the Revenue Acts of 1936 and 1937. The petitioner argues that the definition of rents contained in the Revenue Act of 1938 was merely a clarification of the term used in the Revenue Act of 1937 applicable to the year 1937. This contention must, however, be rejected. In , the Supreme Court said: * * * Rent is "a fixed sum, or property amounting to a fixed sum, to be paid at stated times for the use of property * * *; it does not include payments, uncertain both as to amount and time, made for the cost of improvements * * *." * * * The petitioner's argument that the interest which it received in 1937 was for the use of the theatre property which it sold in 1936 is not tenable. We think it plain that the petitioner was a personal holding company for the year 1937 and was required to file a personal holding company return for that year. To the personal holding company surtax deficiency determined by the respondent for 1937 he has added a 25 percent addition for failure to file a return. The petitioner *536 contends that this addition was improperly made. That depends, however, upon whether there was a reasonable ground for failure to file a personal holding company return for 1937. The evidence does not show any reasonable cause for such failure. The addition to the tax made by the respondent is approved. We now consider the question whether petitioner qualifies as a personal holding company for the years 1938 and 1939. The petitioner contends that more than 50 per centum of its gross income consisted of rents for those years as defined in section 403 (g) of the Revenue Act of 1938 quoted above. The respondent on the other hand says that it can not be held that the real property sold by it in 1936 was "held primarily for sale to customers in the ordinary course of its trade or business." The legislative intent of Congress with regard to section 403 (g) of the Revenue Act of 1938 is expressed in House Report No. 1860, 75th Cong., 3d Sess. (Cumulative Bulletin 1939-1, Part 2, p. 765), and reads, so far as material, as follows: In order to relieve from the surtax imposed by Title IA of the bill certain operating companies whose principal business consists in the development of real *537 estate for sale, section 403 makes a change in the treatment of certain types of interest as compared with the corresponding provision of the Revenue Act of 1936, as amended. This is done by including within the term "rents," as defined in subsection (g), interest on debts owed to the corporation, to the extent such debts represent the price for which real estate held primarily for sale to customers in the ordinary course of business was sold or exchanged by the corporation. * * * The respondent appears to argue that the petitioner did not have transactions enough in the construction of buildings and sale of properties to warrant it being said that the theatre building which it sold in 1936 was "held primarily for sale to customers in the ordinary course of its trade or business." The evidence is plain, however, that the only reason why this property was not sold at an earlier date and other real estate operations carried on was due to the financial depression. Upon the entire record we think it must be held that the interest received by the petitioner in 1938 and 1939 comes within the meaning of the term "rents" as defined in section 403 (g) of the Revenue Act of 1938. We are therefore *538 of the opinion that the petitioner was not a personal holding company within the meaning of the Revenue Act of 1938 for the years 1938 and 1939. The respondent's determination of personal holding company surtax deficiencies and penalties for those years is reversed. Decision will be entered under Rule 50.